**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**


**ROBERT E. MILLER,**
**No. 48707-019,**

          **Petitioner,**

                                    **Case No. 18−cv–1528-MJR**

**vs.**

**WILLIAM TRUE**

          **Respondent.**


**MEMORANDUM AND ORDER**

**REAGAN, Chief Judge:**

Petitioner Robert E. Miller, an inmate in the United States Penitentiary located in Marion, Illinois ("USP-Marion"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241. Miller was convicted for solicitation to kill a witness and attempted murder of a witness in the United States District Court for the Northern District of Georgia and is serving a 350-month term of imprisonment. *See United States v. Miller,* 1:97-CR-496-ODE (N.D. Ga., Aug. 25, 2008).

Miller seeks retroactive application of the Supreme Court's decision in *Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010). In *Holland*, the Supreme Court addressed the standard for equitable tolling under the Antiterrorism and Effective Death Penalty Act ("AEDPA") in the context of attorney misconduct. According to Miller, viewed through the lens of *Holland*, his original § 2255 habeas motion, which was filed in 2006, was entitled to

1

equitable tolling and should have been resolved on the merits. Because *Holland* was decided after the subject § 2255 motion, Miller argues his claims fit within the savings clause in § 2255(e).

This matter is now before the Court for preliminary review. Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

## Conviction and Original 2255 Motion[1]

In 1998, Miller was convicted by a jury in the Northern District of Georgia of two counts of manufacturing and distributing counterfeit currency, one count of solicitation to kill a witness, and one count of attempting to murder a witness. He was sentenced to 110 months imprisonment on each of the counterfeiting counts, 240 months' imprisonment on the solicitation count, and 240 months on the attempted murder count. The first three sentences were to run consecutively, and the last sentence was to run concurrently.

In July 2006, Miller filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 in the Northern District of Georgia. In that motion, he argued that the only

---

[1] This is Petitioner's second § 2241 Petition in *this* judicial district. *See Miller v. Walton,* 13-cv-1307-CJP. The following is taken from the Response to the § 2241 petition and from the Court's Memorandum and Order dismissing the same. *See Id.* Docs. 41 and 66.

witness against him on the solicitation and attempted murder counts, Troy Plante, had since

recanted his testimony. On August 25, 2008, after conducting an evidentiary hearing, the court

concluded that Miller had known of Plante's recantation for more than one year before filing his

§ 2255 motion and, therefore, the motion was untimely.

Miller appealed this ruling to the Eleventh Circuit Court of Appeals. The Eleventh

Circuit denied Miller's motion for a certificate of appealability. Miller sought review by the U.S.

Supreme Court, but his petition for a writ of certiorari was denied on March 17, 2009, thereby

ending his original § 2255 claim.

In February 2011, the Eleventh Circuit denied Miller leave to file a second or successive

§ 2255 motion, stating:

> In his application, Miller indicates that he wishes to raise two claims in a second
> or successive § 2255 motion: (1) a freestanding actual-innocence claim, based on
> a material witness's apparent recantation of his trial testimony, and (2) a claim
> that his original § 2255 motion should have been considered timely pursuant to 28
> U.S.C. § 2255(f)(4). He acknowledges that neither of his claims is based on either
> a new rule of constitutional law or newly discovered evidence, and that he
> presented both claims in his original § 2255 motion. The district court's records
> show that an evidentiary hearing was held in the original § 2255 proceedings,
> during which Miller presented evidence of the witness's recantation and argued
> for application of § 2255(f)(4). Therefore, Miller has not identified either a new
> rule of law or newly discovered evidence in support of his claims, and, thus, he
> has failed to meet the statutory requirements of § 2255(h)(l)-(2).

*In re Robert Ethan Miller, Jr.*, Case No. 11-10498-F (11th Cir., February 24, 2011).[2]

---

[2] Since his conviction, Miller has filed more than 40 cases in federal court, including successive § 2255 motions and
several § 2241 petitions. A list of Miller's numerous postconviction filings (those on file as of September 2013) is
available at *Miller v. Walton,* 13-cv-1307-CJP Doc. 41, Ex. 3 (identifying 40 post-conviction cases filed between

## Prior Section 2241 Petition in the S.D. of Illinois

Miller filed a § 2241 Petition in this judicial district in 2013. *See Miller v. Walton,* 13-cv-1307-CJP ("2013 Petition"). Miller, who was represented by counsel, argued that he was entitled to habeas relief because Plante had recanted his testimony. He also suggested that the time period for filing his § 2255 motion should be equitably tolled due to attorney misconduct. The Court rejected these arguments, explaining as follows:

> The claim being advanced here was raised in Miller's initial § 2255 motion. The Northern District of Georgia held an evidentiary hearing which stretched over several days. See, Transcript, Doc. 3, Ex. 2. That court determined that the motion was not timely filed because it was filed more than a year after Miller learned that Troy Plante recanted his prior testimony. Doc. 41, Ex. 1.

> The fact that the motion was not timely filed does not serve to make the § 2255 remedy inadequate or ineffective. A petitioner cannot "lever his way into section 2241 by *making* his section 2255 remedy inadequate…." *Morales v. Bezy*, 499 F.3d 668, 672 (7th Cir. 2007) (emphasis in original). See also, *Hill v. Werlinger*, 695 F. 3d 644, 648-649 (7th Cir. 2012), holding that § 2255 is not inadequate or ineffective where the claim could have been presented in a direct appeal or a §2255 motion.

> Petitioner cites no authority holding that failure to file a timely § 2255 motion authorizes the petitioner to proceed under § 2241. In the counselled memorandum attached to the amended petition, petitioner argues at length that the untimely filing was caused by his previous counsel's error. That amounts to an argument that the time period for filing his § 2255 motion should be equitably tolled. Such an argument must be addressed to the Eleventh Circuit, and not to this Court. Petitioner also seems to be suggesting that the Northern District of Georgia and/or the Eleventh Circuit erred in dismissing his motion as untimely, However, even if that decision were erroneous, that circumstance would not serve to make § 2255 inadequate or ineffective. *Taylor*, 314 F.3d at 835-836.

---

1998 and 2013). A review of court records on the U.S. PACER Case Locator, Civil Party Search, reveals that Miller filed 11 cases between 2014 and 2018.

2013 Petition, Doc. 66. The Court also explained as follows with respect to Miller's actual

innocence claim:

> Miller's claim of actual innocence does not carry the day. First, it is highly
> questionable whether Plante's recantation is sufficient to meet the demanding
> *Schlup*[3] standard. Secondly, Miller has not identified any constitutional defect in
> his conviction. Notably, Plante's affidavit establishes that the prosecution was
> not aware that his testimony was (allegedly) untrue. See, Affidavit, Doc. 3. Ex. 1.
> The proposition that Plante lied at Miller's trial, without more, does not establish
> a constitutional violation. See, *Tabor v. Scott*, 251 F.3d 1125, 1130 (7th Cir.
> 2001). Lastly, the holding of *McQuiggin* is that a credible claim of actual
> innocence can serve to excuse procedural default. Miller's §2241 petition is not
> barred by procedural default; it is barred by 28 U.S.C. §§ 2244(a) and 2255(e).
> Any argument that actual innocence presents cause for excusing the late filing of
> his §2255 motion must be presented to the Eleventh Circuit, and not to this Court.

*Id.* Accordingly, Miller's § 2241 petition was denied, and the case was dismissed with

prejudice. *Id.*

### Habeas Petition

In the instant petition, Miller (once again) argues that Plante's recantation establishes he

is actually innocent. Hoping to bring this claim under § 2241 pursuant to the savings clause,

Miller relies on the Supreme Court's decision in *Holland v. Florida*, 560 U.S. 631, 130 S.Ct.

2549, 177 L.Ed.2d 130 (2010), which had not been issued at the time he appealed or brought his

motion under § 2255. In *Holland* the Supreme Court revisited the question of when an

attorney's misconduct constitutes an "extraordinary circumstance" for purposes of equitable

---

[3] *Schlup v. Delo*, 115 S. Ct. 851 (1995).

tolling under the AEDPA.[4]  Miller contends that *Holland* expanded the range of professional

misconduct that can be considered in determining whether equitable tolling applies to a late-filed

habeas proceeding, and that if the Northern District of Georgia had applied the principles

discussed in *Holland*, his § 2255 motion would have been deemed timely. Therefore, Miller

contends, his actual innocence claim (premised on Plante's recantation) should be cognizable in

this proceeding.

Miller also references the Fourth Circuit's recent decision in *United States v. Wheeler*,

886 F.3d 415 (4th Cir. 2018).  *Wheeler* extended the reach of the savings clause to petitioners

challenging only their sentences, fashioning the following test:

> (1) [A]t the time of sentencing, settled law of this circuit or the Supreme Court
> established the legality of the sentence; (2) subsequent to the prisoner's direct
> appeal and first § 2255 motion, the aforementioned settled substantive law
> changed and was deemed to apply retroactively on collateral review; (3) the
> prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second
> or successive motions; and (4) due to this retroactive change, the sentence now
> presents an error sufficiently grave to be deemed a fundamental defect.

*Wheeler*, 886 F.3d at 429.  Although Miller references *Wheeler* he does not explain how the

decision is applicable in the instant case.

---

[4] Defining the circumstances that justify equitable tolling of the AEDPA limitations period was previously addressed by the Supreme Court in *Lawrence v. Florida*, 549 U.S. 327, 127 S.Ct. 1079, 166 L.Ed.2d 924 (2007).  After *Holland,* the Supreme Court revisited the issue in *Maples v. Thomas*, 565 U.S. 266, 132 S.Ct. 912, 181 L.Ed.2d 807 (2012).

**Discussion**

Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be used to raise claims of legal error in conviction or sentencing but are limited to challenges regarding the execution of a sentence. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998).

A prisoner who has been convicted in federal court is generally limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. A motion under § 2255 is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). And a prisoner is generally limited to bringing only one motion under § 2255. A prisoner may not file a "second or successive" motion unless a panel of the appropriate court of appeals certifies that such motion contains either 1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or 2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

Under very limited circumstances, a prisoner may employ § 2241 to challenge his federal conviction or sentence. 28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." The Seventh Circuit construed the savings clause in *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998): "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any

opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense."

The Seventh Circuit has explained that, to fit within the savings clause following *Davenport*, a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion and that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). *See also, Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

The Seventh Circuit's cases following *Davenport* have held that "there must be some kind of structural problem with section 2255 before section 2241 becomes available. In other words, something more than a lack of success with a section 2255 motion must exist before the savings clause is satisfied." *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015).

Miller does not meet the *Davenport* criteria. Although *Holland* did not exist at the time of his initial § 2255 motion, it did not change the law in such a way that rendered petitioner actually innocent; the conduct for which Miller was convicted – manufacturing and distributing counterfeit currency, solicitation to kill a witness, and attempted murder – remain criminal. Miller's actual innocence claim is premised not on *Holland,* but on Plante's recantation. Thus,

the legal theory that he advances does not rely on a change in the law that postdates his first § 2255 motion. *See Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003).

Finally, the Fourth Circuit's decision in *Wheeler* does not alter the Court's decision. As previously noted, *Wheeler* extended the reach of the savings clause to petitioners challenging only their sentences. But Miller is not arguing that his sentence is illegal or that he is actually innocent of his sentence; he claims that he is actually innocent of his conviction. *Wheeler* does not change the outcome because the kind of claim Miller is raising was already squarely within the reach of the savings clause, if the petition satisfied the *Davenport* test. However, for reasons already articulated, it does not.

Accordingly, the savings clause offers Miller no relief, and the Petition must be dismissed.

### Pending Motions

All pending motions are **DENIED** as **MOOT**. The Court notes that on September 24, 2018, Miller filed a motion pertaining to allegedly unconstitutional conditions of confinement (Doc. 11). A habeas petition is not the appropriate avenue for a prisoner to challenge the conditions of his confinement. *Robinson v. Sherrod*, 631 F.3d 839, 840 (7th Cir.2011). Here, because Miller is a federal prisoner, if a civil rights challenge can be made at all, it must be challenged under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

9

## Disposition

As with his previous attempt to seek relief in this Court under § 2241, Miller has not demonstrated that § 2255 is an inadequate remedy for his current claims. He thus cannot raise these claims via a § 2241 petition. *See In re Davenport*, 147 F.3d 605 (7th Cir. 1998). Accordingly, the Petition is summarily **DISMISSED** with prejudice.

If Petitioner wishes to appeal this dismissal, he may file a notice of appeal with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(B). A motion for leave to appeal *in forma pauperis* must set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**Dated: October 9, 2018**

**s/ MICHAEL J. REAGAN**
**United States Chief District Judge**
